Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Kate Willis, Esq., State Bar No. 345772
KWillis@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
320 North Larchmont Boulevard
Los Angeles, California 90004
Telephone Number: (310) 860 0770
Facsimile Number: (310) 860 0771

Attorneys for Plaintiff,
CARL ELLIS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CARL ELLIS,

Plaintiff,

vs.

PARKER HANNIFIN CORPORATION, a Delaware corporation; RENEE BENTLEY, an individual; and DOES 1 to 100, inclusive,

Defendants.

Case No.: 8:25-cv-00563-MRA-KES

**The Honorable Monica Ramirez Almadani**

**PLAINTIFF CARL ELLIS'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES;**

Date: August 25, 2025
Time: 1:30 p.m.
Dept.: 9B

Action Filed: December 24, 2024

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

In their Motion for Judgment on the Pleadings, Defendants allege that Plaintiff's complaint, filed in Orange County Superior Court on December 24, 2024 was untimely because it was not within the one-year statute of limitations from when Plaintiff received a right-to-sue notice on August 10, 2023. However, as detailed below, Defendants are incorrect.

First, under 28 U.S. Code § 1367(d) the statute of limitations was tolled while Plaintiff's first complaint, filed on December 21, 2023 in federal court was pending, and for an additional period of 30 days after it was voluntarily dismissed on November 22, 2024. *Artis v. District of Columbia*, 583 U.S. 71, 138 S. Ct. 594 (2018). Therefore, when Plaintiff re-filed his complaint in state court on December 24, 2024 it was timely, as the statute of limitations had only run for two additional days.

Second, under the equitable tolling doctrine, the FEHA claims were tolled while the matter was pending in federal court. The equitable tolling doctrine, which is liberally applied in the Ninth Circuit, is meant to toll the statute of limitations to ensure that matters are heard on their merits and applies in circumstances when a plaintiff provided timely notice of claims, there is no prejudice to the defendant, and the plaintiff has acted reasonably and in good faith. *Addison v. State*, 21 Cal. 3d 313, 319 (1978). Here, those requirements are met.

### II. STATEMENT OF FACTS

#### A. Plaintiff is Wrongfully Terminated on April 15, 2022

On April 13, 2022, Defendants told Plaintiff that they were going to fire him for violating the Code of Conduct and not meeting their expectations as a leader. *Ellis v. Parker-Hannifin et al.,* Case No. 8:25-cv-00563-MRA-KES, Operative Complaint, ECF No. 13, ¶¶ 71-72. They issued him a termination letter outlining several discriminatory and retaliatory reasons for termination. *Id.*

On April 15, 2022 Plaintiff's wrongful termination was made final, despite having no previous performance warnings or write-ups and being a top performer. *Id.* at ¶¶ 73-77. This termination was the culmination of a campaign of harassment, discrimination, and retaliation by Defendants. *Id.*

**B. Plaintiff Files A CCRD Complaint and is Issued a Right-to-sue Notice on August 10, 2023—Well Within the Three Year Requirement.**

On August 10, 2023, Plaintiff filed a complaint with the California Civil Rights Department ("CCRD") against Defendant Parker-Hannifin Corporation alleging that on April 15, 2022, he was harassed based on sex/gender, military/veteran status, age, disability, and race and discriminated against because of sex/gender, age, military/veteran status, disability, race, and as a result of discrimination was terminated, laid off, denied hire or promotion, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments, denied or forced to transfer, and denied accommodation for a disability. Defendants' Request for Judicial Notice ["RJN"] Ex. 1.

A right-to-sue notice was issued immediately, well within the three-year statute of limitations from the time of the adverse employment action. When the right-to-sue notice was issued on August 10, 2023, Plaintiff the statute of limitations began running and Plaintiff had 365 days to file a civil complaint. *Id.*

**C. Plaintiff Timely Files His Complaint In Federal Court 133 Days Later—Within One Year of Receiving the Right to Sue Notice.**

On December 21, 2023, 133 days after receiving a right-to-sue notice and well within the one-year statute of limitations, Plaintiff filed a complaint for damages in the United States District Court, Central District of California alleging 1) Race discrimination; 2) Sex Discrimination; 3) Failure to Prevent Discrimination; 4) Failure to Engage in the Interactive Process; 5) Failure to Pay Wages; and 6) Waiting Time Penalties. *Id.* at Ex. 4.

On November 22, 2024, Plaintiff dismissed this complaint after Defendants prevailed on a motion to dismiss with leave to amend. Once Plaintiff dismissed the

complaint, under 28 U.S. Code § 1367(d) the statute of limitations was tolled for another 30 days, meaning it did not start running again until December 22, 2024.

### D. Plaintiff Timely Re-files His Complaint in State Court on December 24, 2024, Only One Month Later.

On December 24, 2024, a little over a month from getting an amended right-to-sue notice, and only 32 days after dismissing his federal complaint, Plaintiff timely filed his complaint for damages against Defendants in California Superior Court, Orange County for 1) Race Discrimination; 2) Sex Discrimination; 3) Disability Discrimination; 4) Failure to Prevent Discrimination; 5) Failure to Engage in the Interactive Process; 6) Failure to Accommodate; 7) Failure to Pay Wages; 8) Waiting Time Penalties; 9) Whistleblower Retaliation; 10) Retaliation for Opposing Discrimination; 11) Race and Sex Harassment; 12) Aiding and Abetting Prohibited Discrimination and Harassment; 13) Ancestry Discrimination; and 14) National Origin Discrimination. ECF. No. 1. All of the causes of action except one, two, four, five, seven, and eight were new causes of action. *Id.*

Under 28 U.S. Code § 1367(d), the statute of limitations had only begun running on December 22, 2024, so it had only run for two additional days when this was filed, or 135 total days after the right-to-sue notice was obtained on August 10, 2023.

On March 21, 2025 the case was removed to the United States District Court, Central District of California where it is currently pending.

## 2. ARGUMENT

### A. The Standards for Motions for Judgment on the Pleadings.

#### (1) Plaintiffs' Allegations Must Be Accepted as True.

The trial court's determination on a motion for judgment on the pleadings accepts as true the factual allegations the plaintiff makes. *Inter-Modal Employees Ass'n v. Burlington Northern & Santa Fe Ry. Co.* (1999) 73 Cal.App.4th 918, 924. It additionally gives plaintiff's facts a liberal construction. *See American Airlines, Inc. v. County of San Mateo* (1996) 12 Cal.4th 1110, 1118. The sole issue raised is whether the facts alleged state a

viable cause of action, no matter how improbable the allegations. *Meyer v. Graphic Arts Int'l v. Union Local Nos. 63-A, 63-B* (1979) 88 Cal.App.3d 176. "It is not the function of a trial court, or of this court, to speculate on the ability of a plaintiff to support, at trial, allegations well pleaded." *Id.* at 179.

**(2) Complaint Need Only "Apprise the Defendant of the Basis Upon Which Plaintiffs Are Seeking Relief."**

"The distinction between 'ultimate facts' and 'evidentiary' matters and 'legal conclusions' is of diminishing importance. Our courts have become increasingly liberal in their attitude toward pleading—in some cases approximating the notice-pleading standards of federal courts." Weil & Brown, § 6:128, *citing Perkins v. Sup. Ct. (General Tel. Directory Co.)* (1981) 117 Cal.App.3d 1.) "The distinction … is not at all clear and involves at most a matter of degree…. What is important is that the complaint as a whole contains sufficient facts to apprise the defendant of the basis upon which the plaintiff is seeking relief." *Id.* at 6. A party's ability to prove unlikely allegations or possible difficulties in proof can be of no concern in ruling on a motion for judgment on the pleadings, as in ruling on a demurrer. *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal. 3d 197, 216. Here, Plaintiff has pled sufficient facts to apprise Defendants of the basis upon which she seeks relief.

**(3) Because the Motion Has the Same Function as a General Demurrer, It Can Only Attack the Complaint.**

A motion for judgment on the pleadings has the same function as a general demurrer. Except as provided by statute), the rules governing demurrers apply. *Cloud, supra,* 67 Cal.App.4th, 999, *citing text; see Smiley*, *supra*, 11 Cal.4th at 145-146. The grounds for the motion must appear on the face of the challenged pleading or be based on facts the trial court takes judicial notice of. C.C.P. § 438.

///

///

### B. Plaintiff's FEHA Claims are Timely Because the Statute of Limitations Was Tolled

#### (1) Plaintiff's FEHA Claims Were Tolled under 28 U.S. Code § 1367(d)

Plaintiff originally filed his complaint on December 21, 2023, 133 days after receiving a right-to-sue notice, well within the one-year statute of limitations. *Couveau v. Am. Airlines*, 218 F.3d 1078, 1083 (9th Cir. 2000).

Later, that complaint was dismissed on November 22, 2024 and refiled in state court on December 24, 2024. ECF No. 1. This state court complaint was a continuation of the December 21, 2023 complaint. 28 U.S. Code § 1367(d) says:

> The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

Therefore, the statute of limitations was tolled completely while this action was pending in federal court from December 21, 2023 to November 22, 2024. Then, it was tolled for thirty more days once it was voluntarily dismissed. *Artis v. District of Columbia*, 583 U.S. 71, 87 138 S. Ct. 594 (2018).

The statute then only ran for two additional days when the thirty days ended on December 22, 2024. The state court complaint was then filed on December 24, 2024. ECF No. 1. This meant that the state court complaint filed on December 24, 2024 was filed within 135 days of when the right-to-sue notice was issued when taking into account the tolling.

#### (2) Plaintiff's FEHA Claims Were Tolled Under the Equitable Tolling Doctrine

Even aside from tolling under 28 U.S.C. § 1367(d), and contrary to Defendants' arguments, Plaintiff's FEHA claims were tolled under the equitable tolling doctrine, a principle that allows courts to extend or pause the statute of limitations to prevent

unfairness of injustice. In the Ninth Circuit, equitable tolling applies in circumstances when a plaintiff provided timely notice of claims, there is a lack of prejudice to the defendant, and has acted reasonably and in good faith. *Addison v. State*, 21 Cal. 3d 313, 319 (1978). Here, the plaintiff meets those requirements.

First, Plaintiff filed his original federal complaint on December 21, 2023, just 133 days after receiving his August 10, 2023 right-to-sue notice. RJN Ex. 4. This gave Defendants formal and timely notice of his claims. He then diligently pursued the matter in federal court before voluntarily dismissing the action on November 22, 2024 and refiling in state court on December 24, 2024. ECF No. 1. This sequence shows good faith conduct and reasonable diligence. Defendants have not been prejudiced as there was no delay in notice and no intentional attempt to evade the statute of limitations. Furthermore, California courts liberally apply tolling rules when the plaintiff satisfies the notification purpose of a limitations statute. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). Here, Plaintiff has done that, timely filing his CCRD complaint and the first federal complaint. Under these facts, Plaintiff is entitled to preservation of his claims under the liberal application of the equitable tolling doctrine.

Defendants attempt to compare this situation to *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116 (9th Cir. 2008). In *Johnson*, the plaintiff obtained a right-to-sue notice and then timely filed within the one-year period in state court, dismissed, and then refiled in federal court. *Id.* However, the timeline in *Johnson* is much different than the one here. In *Johnson,* the plaintiff voluntarily dismissed his complaint a little over a month after filing it. *Id.* at 1121. He then filed a new complaint about two months later in federal court. *Id.* Johnson did not diligently pursue his matter before voluntarily dismissing it, unlike here, thus not meeting the requirements for equitable tolling. Furthermore, in *Johnson*, the court held that equitable tolling was not warranted because the defendants did not induce Johnson to delay filing until after the statute of limitations had run. *Id.* at 1127. Here, the reason Plaintiff dismissed his complaint and refiled it was because Defendants filed a

Motion to Dismiss which was granted with leave to amend. Rather than amend, Plaintiff opted to refile the complaint in state court, adding the Individual Defendant that was named in the amended CCRD complaint.

**3. CONCLUSION**

Plaintiff, Carl Ellis, respectfully requests this Court to deny Defendants' Motion for Judgment on the Pleadings in its entirety.

Dated: August 4, 2025 SHEGERIAN & ASSOCIATES, INC.

By: Kate Willis

Kate Willis, Esq.

Attorneys for Plaintiff,
CARL ELLIS

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boul

On August 4, 2025, I served the foregoing document, described as **"PLAINTIFF CARL ELLIS'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES"** on all interested parties in this action addressed as follows:

**Cory Catignani, Esq. State Bar No. 332551**
**cdcatignani@vorys.com**
**VORYS SATER SEYMOUR & PEASE, LLP**
**2211 Michelson Dr., Ste 500**
**Telephone Number: (949) 526-7904**
**Facsimile Number: (949) 526-7904**

**Don Sessions**
**MSB@JOB-LAW.COM**
**dds@job-law.com**

☐ **(BY MAIL)** As follows:

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 4, 2025, at Los Angeles, California.

Amelia Sanchez
Amelia Sanchez