UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00563-MRA-KES | Date | January 27, 2026 |
| Title | *Carl Ellis v. Parker Hannifin Corporation et al.* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS [26]**

Before the Court is Defendant's Motion for Partial Judgment on the Pleadings (the "Motion"). ECF 26. The Court read and considered the moving, opposing, and reply papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS** the Motion.

## I. BACKGROUND[1]

Plaintiff Carl Ellis ("Plaintiff" or "Ellis") brings this employment discrimination action against his former employer, Parker Hannifin Corporation ("Parker" or "Defendant") and Does 1-10, alleging violations of California's Fair Employment and Housing Act ("FEHA") and other provisions of the California Labor Code. ECF 1-1. Plaintiff alleges that, despite his exemplary performance, he was terminated because of discrimination based on race, sex, disability, ancestry, and national origin. *Id.* Plaintiff further alleges that Defendant failed to prevent the discrimination, aided and abetted the discrimination, retaliated against Plaintiff for reporting the discrimination, failed to accommodate Plaintiff's disability, and failed to timely pay Plaintiff all

[1] Because this motion centers on a procedural issue, the Court describes the factual background only as necessary for clarity. All references to the underlying facts are taken as alleged in Plaintiff's Complaint. Motions for judgment on the pleadings are "functionally identical to Rule 12(b)(6) motions." *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021) (quoting *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)) (internal quotation marks omitted). Accordingly, the Court is required to presume that all well-pleaded allegations are true, resolve all reasonable doubts and inferences in the pleader's favor, and view the pleading in the light most favorable to the non-moving party. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

owed wages. *Id.*

Prior to initiating the instant case, on December 21, 2023, Plaintiff filed a near-identical action—*Ellis v. Parker Hannifin Corp. et al.*, Case No. 8:23-cv-02437-MRA-KES (the "First Action")—in which Plaintiff brought many of the same claims against Parker and Plaintiff's former coworker, Renee Bentley.[2] *See generally* First Action Docket ECF 1. In that case, Defendant filed a motion to dismiss, which the Court granted with leave to amend. *Id.*, ECF 20. Plaintiff filed a first amended complaint, which Defendant also moved to dismiss. *Id.*, ECF 23, 27. On November 1, 2024, the Court granted in part and denied in part Defendant's second motion to dismiss but granted Plaintiff leave to amend the dismissed claims. *Id.*, ECF 44. On November 22, 2024, instead of amending his complaint, Plaintiff voluntarily dismissed the First Action. *Id.*, ECF 49.

On December 24, 2024, 30 days after Plaintiff voluntarily dismissed the First Action, Plaintiff filed the instant case in Orange County Superior Court. ECF 1-1. On March 21, 2025, Defendant removed the case because of diversity jurisdiction. ECF 1. On July 21, 2025, Defendant filed this Motion, arguing that Plaintiff's FEHA claims (the first, second, third, fourth, fifth, sixth, tenth, eleventh, twelfth, thirteenth, and fourteenth causes of action) are time-barred.[3] ECF 26; *see also* ECF 27 (Defendant's Request for Judicial Notice). Plaintiff opposes the Motion, and Defendant filed a Reply in support of the Motion. ECF 28, 29.

## II. <u>LEGAL STANDARDS</u>

Under Federal Rule of Civil Procedure Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Motions for judgment on the pleadings are "functionally identical to Rule 12(b)(6) motions." *Webb*, 999 F.3d at 1201. "[W]hen ruling on either type of motion 'courts must consider the complaint in its entirety, as well as other sources . . . , in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Id.* (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). Judgment is "properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *San Francisco Taxi Coal. v. City & Cnty. of San Francisco*, 979 F.3d 1220, 1223 (9th Cir. 2020); *see also Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

---

[2] Although the Complaint in this case names Bentley as a defendant, the parties jointly stipulated to dismiss Bentley from the action before Parker filed the instant Motion. ECF 24.

[3] Plaintiff brings his remaining claims under the California Labor Code; these claims are not subject to the same tolling provisions as the FEHA claims. *See* ECF 1-1 at 39–41.

To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (per curiam). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Although the court "must accept as true all of the allegations contained in a complaint," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

## III. DISCUSSION

### A. Judicial Notice

Defendant requests that the Court take judicial notice of five exhibits: (1) the complaint Plaintiff filed with the California Civil Rights Department ("CRD") on August 10, 2023; (2) the amended complaint Plaintiff filed with the CRD on November 20, 2024; (3) the November 22, 2024, Complaint that Plaintiff filed in Orange County Superior Court prior to removal (Case No. 30-2024-01442198-CU-WT-NJC); (4) the December 21, 2023, Complaint that Plaintiff filed in the First Action; and (5) the Notice of Dismissal Plaintiff filed in the First Action.

"[A] court may take judicial notice of facts outside the pleadings." *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *see also Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings, this court may consider facts that are contained in materials of which the court may take judicial notice.") (internal citation omitted). Federal Rule of Evidence ("Rule") 201 "permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)(1)-(2)).

All the exhibits of which Defendant seeks judicial notice are court filings and are therefore matters of public record. Public records, such as court filings, are considered sources whose accuracy cannot be reasonably questioned under Rule 201. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Accordingly, Defendant's Request for Judicial Notice is **GRANTED**.

**B. Timeliness of Plaintiff's FEHA Claims**

To bring a claim under FEHA, a plaintiff must first exhaust their administrative remedies by filing a complaint with the CRD and receiving a right-to-sue letter. Cal. Gov't Code § 12965(b); *see Rodriguez v. Airborne Express*, 265 F.3d 890, 900 (9th Cir. 2001). FEHA further requires that a plaintiff bring any civil claims within one year of receiving the right-to-sue letter. Cal. Gov't Code §§ 12960, 12965.

In its Motion, Defendant argues that the Court should dismiss Plaintiff's FEHA claims because they were not timely filed. ECF 26-1. Specifically, Defendant argues that Plaintiff received his right-to-sue letter on August 10, 2023, and this action, which Plaintiff initiated in state court on December 24, 2024, falls outside the one-year deadline. *Id.* at 10–14. Plaintiff does not deny this timeline of events but contends that his FEHA claims are still timely for two reasons. First, Plaintiff argues that he timely filed the First Action, and that when he voluntarily dismissed that case, the statute of limitations was tolled for another 30 days under 28 U.S.C. § 1367(d), meaning that he had until December 22, 2024, to file the instant action. ECF 28 at 2, 4. Second, Plaintiff argues that, under the equitable tolling doctrine, his FEHA claims were tolled while the First Action was pending in federal court. *Id.* at 2, 6–8. The Court addresses each argument in turn.

***1. Statute of Limitations Tolling***

Plaintiff's statute of limitations tolling argument fails because the code section Plaintiff cites to in support of his argument—28 U.S.C. § 1367(d)—applies to state law claims before a federal court by way of supplemental jurisdiction, which is not implicated in the instant case. Section 1367 reads in relevant part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-00563-MRA-KES | Date | January 27, 2026 |
|---|---|---|---|
| Title | *Carl Ellis v. Parker Hannifin Corporation et al.* | | |

> Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. . . . (d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

In both the First Action and in the instant case, the Court has diversity jurisdiction over Plaintiff's claims, not supplemental jurisdiction. *See* First Action Docket ECF 27; ECF 1. Supplemental jurisdiction does not (and cannot) apply to either case, given that Plaintiff did not bring any federal causes of action. Moreover, the Court agrees with Defendant that, even if section 1367 applied, the tolling provision would not be triggered by Plaintiff's voluntary dismissal. *See Holt v. Cnty of Orange*, 91 F.4th 1013, 1022 (9th Cir. 2024) (concluding that section 1367(d)'s "statute of limitations is not tolled when the supplemental claims are voluntarily dismissed . . . .").[4]

To underscore the inapplicability of section 1367, Defendant cites *Belliveau v. Thomson Fin., Inc.*, No. 2:05-cv-1175-GEB-DAD, 2006 WL 3513603, at *1 (E.D. Cal. Dec. 6, 2006). In *Belliveau*, the court addressed a near-identical situation in which a plaintiff filed an initial action (referred to as "Action 1"), voluntarily dismissed that action, and then attempted to toll his FEHA claims under section 1367 (even though the claims were before the court due to diversity jurisdiction rather than supplemental jurisdiction). *Id.* The district court denied the claims, explaining:

> Since jurisdiction was not based on section 1367(a), section 1367(d) is inapplicable to the dismissal of Action 1. Thus, since Action 1 was dismissed without prejudice, that dismissal leaves the situation the same as if Action 1 had never been brought in the first place. Action 2 was filed more than one year after Plaintiff received his right to sue notice; therefore, Plaintiff's FEHA claims are barred by California's one year statute of limitations.

*Id.* (cleaned up). That same logic and the result in *Belliveau* applies to the instant case. Accordingly, the Court finds that Plaintiff's FEHA claims cannot be tolled.

---

[4] Furthermore, Plaintiff admits that, even under this 30-day tolling period, the renewed state court complaint was not timely filed. *See* ECF 28 at 4 ("Under 28 U.S. Code § 1367(d), the statute of limitations had only begun running on December 22, 2024, so it had only run for two additional days when this was filed . . . ."). Thus, even if § 1367(d) applied, which it does not, the filing would be untimely.

***2. Equitable Tolling***

The Court next addresses whether Plaintiff's claims are tolled under the equitable tolling doctrine. Equitable tolling extends a discrete limitations period set by a statute "when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Arellano v. McDonough*, 598 U.S. 1, 6 (2023). "[A]bsent express statutory language, a plaintiff's voluntary dismissal will not entitle him to toll the statute of limitations." *Johnson*, 534 F.3d at 1127.

Here, Plaintiff has not identified an "extraordinary circumstance" to trigger equitable tolling. For reasons unknown to this Court, Plaintiff voluntarily dismissed the First Action and refiled a substantially similar case (the instant case) in Orange County Superior Court. Plaintiff has not pleaded any facts alleging that Defendant forced him to dismiss the First Action or that he was somehow otherwise "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. . . ." *Irwin v. Dept. of Veterans' Affairs*, 498 U.S. 89, 96 (1990); *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1066 (9th Cir. 2006). Accordingly, because Plaintiff has not identified any reason why the interests of justice require the application of equitable tolling, the FEHA claims cannot be tolled.

In summary, because the Court rejects Plaintiff's arguments, Plaintiff's FEHA claims are untimely and must be dismissed as a matter of law. Additionally, because Plaintiff's FEHA's claims cannot be saved by amendment, *see Livid Holdings Ltd. v. Saloman Smith Barney, Inc.*, 416 F.33d 940, 946 (9th Cir. 2005), the Court finds that granting leave to amend would be futile and dismisses the claims with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Partial Judgment on the Pleadings. Plaintiff's First, Second, Third, Fourth, Fifth, Sixth, Tenth, Eleventh, Twelfth, Thirteenth, and Fourteenth Causes of Action are **dismissed with prejudice**.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk mku